FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARYL DANITA CARBY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPOKANE WASHINGTON; BARRACK HUSSEIN OBAMA; GEORGE WALKER BUSH, JR; DONALD JOHN TRUMP; TIK TOK, SHOU 21 CHEW; CONSULATE OF INDIA, GOVERNMENT OF INDIA; CITY OF SPOKANE; GARRETT JONES, INTERIM CITY ADMINISTRATOR; ALPHABET INC (GOOGLE) CEO; CITY OF LIBERTY LAKE ADMINISTRATOR; CRICKET WIRELESS LLC CEO; BOOST MOBILE HEADQUARTERS CEO; T-MOBILE CORPORATE HEADQUARTERS CEO; OFFICE OF INDIAN SERVICES; DON SCHNEIDER, SCHNEIDER HEADQUARTERS CEO; MARION ILITCH, LITTLE CAESARS HC, CEO; EMBASSY OF INDIA; CONSULATE GENERAL OF INDIA; BUREAU OF INDIAN AFFAIRS; WESTERN UNION HQ CEO; CANADIAN EMBASSY; STAPLES HEADQUARTERS CEO; ANDROID HEADQUARTERS CEO; | NO. 2:24-CV-0069-TOR<br><br>ORDER DISMISSING COMPLAINT |

ORDER DISMISSING COMPLAINT ~ 1

| | |
|---|---|
| UNITED STATES GOVERNMENT, US OFFICE OF PERSONNEL MANAGEMENT; INTERNAL REVENUE SERVICE HQ BLDG; US DEPARTMENT OF EDUCATION; UNITED STATES DEPARTMENT OF TRANSPORTATION; and EMBASSY FEDERAL GOVERNMENT OF NIGERIA,<br><br>                    Defendants. | |

BEFORE THE COURT is Plaintiff's Complaint and amendments. ECF Nos. 1, 2, and 3. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, all claims asserted by Plaintiff are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff Caryl Danita Carby, proceeding *pro se*, filed this suit on March 1, 2024, against all named Defendants. Plaintiff seeks $35,000,000,000,000.00 in damages. Primarily, Plaintiff complains that she is under illegal surveillance and that she has been stalked and harassed by unnamed people. She contends this has been occurring for almost 48-years.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon

ORDER DISMISSING COMPLAINT ~ 2

which relief may be granted." Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint fails to state a claim upon which relief may be granted if it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). Plaintiff's Complaint lacks sufficient facts to support a cognizable legal theory against any of the Defendants.

Plaintiff's Complaint fails to plead a "short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a)(1). Because the Complaint does not establish a basis for the exercise of federal subject matter jurisdiction, the Court will dismiss the Complaint.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support

ORDER DISMISSING COMPLAINT ~ 3

of the claim that would entitle [her] to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

The Court finds that Plaintiff has failed to state facts which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**OPPORTUNITY TO AMEND**

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend her complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the

1  deficiencies in Plaintiff's Complaint.  Therefore, the Court dismisses Plaintiff's

2  Complaint with prejudice.

3  **ACCORDINGLY, IT IS HEREBY ORDERED:**

4     Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.

5     The District Court Executive is directed to enter this Order and Judgment

6  accordingly, forward copies to Plaintiff, and **CLOSE** the file.

7     **DATED** March 22, 2024.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 5